UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDWARD LAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-00815-JMS-TAB ) |
| JASON G. CARTER, MD, CENTURION HEALTH SERVICES, LLP, | ) ) ) ) |
| Defendants. | ) |

**Order Denying Motion for Preliminary Injunction**

Plaintiff Edward Lay is a prisoner currently incarcerated at New Castle Correctional Facility. He filed this civil rights action alleging that Dr. Jason Carter has been deliberately indifferent to his serious medical needs and has delayed necessary treatment in retaliation for Mr. Lay filing a grievance about the delay. When he filed his complaint, Mr. Lay also filed a motion for preliminary injunction in which he requested that he "be sent off-site to a suitable healthcare professional who can perform a biopsy on the cyst on his thyroid." Dkt. 3 at 3−4.

Because Mr. Lay was sent offsite to an Ear, Nose, and Throat ("ENT") doctor who agreed that the growth was benign, the motion for preliminary injunction, dkt. [3], is **denied without prejudice**.

**I. Preliminary Injunction Standard**

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628,

637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.* "[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490. 501 (7th Cir. 2020) (cleaned up).

## II. Factual Background

According to Mr. Lay's amended complaint, dkt. 20, he was born at Camp Lejeune, a military base in North Carolina. In September 2022, he learned that as a result of being born at that particular base, he was at a higher risk for cancer.

Mr. Lay submitted healthcare request forms beginning in late October 2022 because he had developed painful lumps in his neck that affected his ability to breathe and swallow. Defendant Dr. Jason Carter saw Mr. Lay on November 15, 2022, and ordered an ultrasound. That ultrasound revealed a "benign-appearing" cyst on Mr. Lay's thyroid. Dkt. 1-1 at 2.

Mr. Lay had a follow-up appointment with Dr. Carter to discuss the ultrasound findings. Despite the fact that the cyst seemed benign, Dr. Carter agreed to request a referral to an ENT. When Mr. Lay filed his complaint on May 10, 2023, he had not been seen by an ENT, which Mr. Lay attributed to Dr. Carter retaliating against him for filing a grievance.

On June 15, 2023, Mr. Lay was transported to the office of Dr. Peter Schilt, an ENT at Ascension St. Vincent in Anderson, Indiana. Dkt. 25 at 2−3; dkt. 31 at 5. Mr. Lay told him that an ultrasound revealed a thyroid nodule, but Dr. Schilt did not have a copy of the imaging. Dkt. 31 at 7. Dr. Schilt examined Mr. Lay and conducted a fiberoptic laryngoscopy which revealed normal findings. *Id.* Dr. Schilt concluded that Mr. Lay suffers from gastroesophageal reflux disease ("GERD") and advised him to not eat before bed, to avoid certain foods, and to take a proton pump

inhibitor to assist with his symptoms. *Id.* at 7–8. With respect to the thyroid nodules, Dr. Schilt stated, "Thyroid nodules that he is describing do not likely warrant further intervention. However, I do not have a copy of the report today. I have informed him of the present to scan a copy of the report so that we can determine the next steps from the thyroid standpoint." *Id.* His encounter notes concluded that Mr. Lay should "return to the office as needed." *Id.* at 8.

The defendants argue that Mr. Lay's request for injunctive relief was rendered moot based on his encounter with Dr. Schilt. Dkt. 25 at 3. Mr. Lay responded that the motion was not moot because he believed he needed a biopsy and because Dr. Schilt had not been able to review the ultrasound scan. Dkt. 35 at 2–3.

The defendants filed a surreply to address the missing report. Dkt. 38. An administrative assistant employed by Centurion Health of Indiana, LLC, faxed a copy of the ultrasound report to Dr. Schilt's office on June 23. Dkt. 38-1 at ¶ 7. She followed up with the officer on August 9 and was advised for the first time that the faxed printout of the report was illegible. *Id.* at ¶ 8. She resent the ultrasound report that day. *Id.* at ¶ 9. There is no indication that Dr. Schilt ordered additional care after receiving a copy of the report.

### III. Discussion

For the reasons explained below, Mr. Lay has not established the threshold requirements necessary for preliminary injunctive relief.

First, Mr. Lay cannot show that he will suffer from irreparable harm absent the Court ordering further treatment. Irreparable harm is "harm that 'cannot be repaired' and for which money compensation is inadequate." *Orr*, 953 F.3d at 502 (quoting *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997)). Mr. Lay must show "that he will *likely* suffer irreparable harm absent obtaining preliminary injunctive relief." *Id.* (cleaned up).

After he filed his motion for preliminary injunction, Mr. Lay was seen by an ENT. Dr. Schilt examined him by performing a laryngoscopy, and those findings were normal but revealed that Mr. Lay may be suffering from GERD. Dkt. 31 at 7. Dr. Schilt created a treatment plan for the GERD. *Id.* Although Mr. Lay wanted a biopsy, "[t]he decision whether further diagnostic testing . . . was necessary is a classic example of a matter for medical judgment." *Proctor v. Sood*, 863 F.3d 563, 568 (7th Cir. 2017) (cleaned up). Dr. Schilt did not request further diagnostic testing after receiving a copy of the ultrasound. Because every medical professional who has examined him has concluded that the growth on his thyroid is benign, Mr. Lay cannot show he will suffer irreparable harm absent intervention from this Court.

Further, because the defendants have taken reasonable steps to investigate the cause of Mr. Lay's throat and neck pain, he is unlikely to succeed on the merits of his claim. "A movant's showing of likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020) (quotation marks omitted). A "better than negligible" likelihood of success is not enough. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762−63 (7th Cir. 2020). "A 'strong' showing ... does not mean proof by a preponderance .... But it normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.*

"Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)). Dr. Carter sent Mr. Lay to an ENT to investigate the potential cause of Mr. Lay's neck pain and nature of the cyst.

While some medical care does not necessarily defeat a claim of deliberate indifference, Dr. Carter's action of sending Mr. Lay to an ENT does not show that he "actually knew of and disregarded a substantial risk of harm" to Mr. Lay's health. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016).

"[A]n inmate is not entitled to demand specific care and is not entitled to the best care possible…." *Arnett v. Webster,* 658 F.3d 742, 750-51 (7th Cir. 2011). Rather, inmates are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id.* By sending Mr. Lay to an ENT, the defendants have taken a reasonable measure to protect Mr. Lay from harm. Accordingly, his motion for preliminary injunction, dkt. [3], is **denied without prejudice**.[1]

### IV. Conclusion

For the foregoing reasons, the motion for preliminary injunction, dkt. [3], is **denied without prejudice**.

**IT IS SO ORDERED.**

Date: 11/22/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

EDWARD LAY
144286
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel

---

[1] The Court notes that this denial is without prejudice because the evidence before the Court reflects that Mr. Lay's cyst, while benign, may contribute to difficulty breathing based on its location. A medical professional may be deliberately indifferent if he delays treatment for a serious medical condition and that delay causes the plaintiff pain. *Petties*, 836 F.3d at 730.